# U.S. DISTRICT COURT
# DISTRICT OF MINNESOTA

Knife Rights, Inc., et al.,    Court File No.: 24-cv-03749 (PJS/DTS)

    Plaintiffs,

vs.

Ellison, et al.,    **ANSWER**

    Defendants.

DEMAND FOR JURY TRIAL

COMES NOW Defendant Brian Tholen, as Chief of Police for South Lake Minnetonka Police Department, (hereafter "Defendant") for its joint and individual Answer to Plaintiffs' Complaint, states and alleges as follows:

1. Unless hereinafter admitted, qualified, or otherwise answered, this answering Defendant denies each and every allegation, matter, thing and inference contained in Plaintiffs' Complaint.

2. With respect to paragraphs 1 through 3, this answering party submits the cited court decisions and statutory references speak for themselves and no response is required. To the extent a response is required, this answering party denies the allegations and any inconsistent characterization of the same.

3. With respect to paragraph 4, this answering party is without sufficient knowledge or information to form a belief about whether Defendants enforce the Knife Ban. This answering party specifically denies depriving either residents of or visitors to the State of Minnesota of their constitutional rights.

4. With respect to paragraph 5, this answering party submits the allegations contain legal conclusions and no response is required. To the extent an answer is required, this answering party denies the allegations.

5. With respect to paragraphs 6 through 13, this answering party is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

6. With respect to paragraph 14, this answering party submits no response is required.

7. With respect to paragraphs 15 and 16, this answering party submits the allegations in this paragraph are directed to other Defendants and no response is required.

8. With respect to paragraph 17, this answering party denies Mike Meehan is currently the chief law enforcement officer of South Lake Minnetonka Police Department. This answering party submits Brian Tholen is the Chief of Police for the South Lake Minnetonka Police Department. This answering party admits Chief Tholen is sued in his official capacity only. This answering party denies the remaining allegations.

9. With respect to paragraphs 18 and 19, this answering party submits the allegations in this paragraph are directed to other Defendants and no response is required.

10. With respect to paragraphs 20 and 21, this answering party submits these paragraphs contain conclusions of law to which no response is required. To the extent a response is required, this answering party denies.

11. With respect to paragraphs 22 through 25, this answering party submits these paragraphs contain references to Minnesota statute, which speaks for itself, and no response is required.

12. With respect to paragraph 26, this answering party submits this paragraph contains legal conclusions to which no response is required. This answering party is also without sufficient knowledge or information to form a belief as to Plaintiffs' desires or intended conduct, and therefore denies the same.

13. With respect to paragraph 27, this answering party submits this paragraph contains legal conclusions to which no response is required. To the extent a response is required, this answering party denies the characterization as inconsistent with the referenced court decision.

14. With respect to paragraphs 28 through 31, this answering party is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

15. With respect to paragraphs 32 and 33, this answering party submits these paragraphs contains legal conclusions to which no response is required. To the extent a response is required, this answering party is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

16. With respect to paragraph 34, this answering party is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

17. With respect to paragraph 35, this answering party denies.

18. With respect to paragraphs 36 and 37, this answering party is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

19. With respect to paragraph 38, this answering party submits this paragraph contains legal conclusions to which no response is required. To the extent a response is required, this answering party denies the same.

20. With respect to paragraph 39, this answering party realleges and incorporates all answers set forth herein.

21. With respect to paragraph 40, this answering party denies.

22. With respect to paragraphs 41 through 55, this answering party submits these paragraphs contain legal conclusions to which no response is required. The constitutional amendments, statutes, and the referenced court decisions speak for themselves, and this answering party denies all allegations inconsistent therewith.

23. With respect to paragraphs 56 through 58, this answering party is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the dangerousness or unusualness of automatically opening knives, and therefore denies the same. This answering party submits the remaining allegations are legal conclusions to which no response is required.

24. With respect to paragraphs 59 through 61, this answering party submits these paragraphs contain legal conclusions to which no response is required. To the extent a response is required, this answering party denies the same.

25. With respect to paragraphs 62 through 64, this answering party is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

26. With respect to paragraphs 65 and 66, this answering party denies. This answering party specifically denies Plaintiffs are entitled to the requested relief and the recovery of attorneys' fees and costs.

27. With respect to Plaintiffs' Prayer for Relief, paragraphs A through F, this answering party submits no response is required. To the extent a response is required, this answering party denies Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

28. The Complaint fails to state a claim upon which relief may be granted.

29. Plaintiffs lack standing to pursue a claim against this answering party, and therefore this Court lacks subject matter jurisdiction over this claim.

30. Plaintiffs have failed to properly serve this answering party.

31. Plaintiffs' claims are not ripe for adjudication.

32. Plaintiffs have failed to allege actual harm.

33. Plaintiffs' claims are barred by qualified immunity, official immunity, statutory immunity, and/or other immunities conferred by federal, state, or common law.

34. This answering Defendant's conduct, customs, policies, or practices did not violate Plaintiffs' constitutional rights.

35. Plaintiffs' claims may be barred by other affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. This answering party reserves the right to assert additional affirmative defenses as this matter proceeds.

36. This answering party demands a trial by jury.

WHEREFORE, Defendant Brian Tholen, as Chief of Police for South Lake Minnetonka Police Department, prays Plaintiffs take nothing by their pretended claims for relief, that this answering Defendant be awarded judgment dismissing Plaintiffs' cause of action with prejudice, that Defendant be given judgment for costs, disbursements and attorney's fees pursuant to 42 U.S.C. § 1988 and for such other relief as the Court deems just and equitable.

Dated: March 13, 2025

s/Julia C. Kelly
Julia C. Kelly
Attorney ID# 0392424
145 University Avenue West
St. Paul, MN 55103-2044
Telephone: 651.281.1204
Email: jkelly@lmc.org

*Attorney for Defendant Brian Tholen, as Chief of Police for South Lake Minnetonka Police Department*