**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Knife Rights, Inc.; Cameron Sjodin; David Draeger; and Kevin Crystal,<br><br>    Plaintiffs,<br><br>v.<br><br>Keith Ellison, in his official capacity as Attorney General of the State of Minnesota; Brad Wise, in his official capacity as Sheriff of the Anoka County Sheriff's Office; Mike Meheen, in his official capacity as Chief of the South Lake Minnetonka Police Department; Brad Johnson, in his official capacity as County Attorney of the Anoka County Attorney's Office; and Mary Moriarty, in her official capacity as County Attorney of the Hennepin County Attorney's Office,<br><br>    Defendants. | Court File No. 24-cv-03749 (PJS/DTS)<br><br>**PROTECTIVE ORDER** |

Pursuant to the Parties' stipulation dated November 18, 2025, the Court enters the following Protective Order:

1. **Definitions.** As used in this protective order:

    (a) "Attorney" means an attorney who has appeared in this action;

    (b) "Confidential Document" means a document designated as confidential under this protective order, including any legislative plans or strategies.

    (c) "Confidential" means anything known, disclosed, or conveyed to a limited number of people; or marked as a Confidential Document; or containing information whose unauthorized disclosure could prejudice the owner or holder, including any legislative plans or strategies.

  (d) "Destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

  (e) "Document" means information disclosed or produced in discovery, including at a deposition;

  (f) "MGDPA" means the Minnesota Government Data Practices Act, Minn. Stat. §§ 13.01, et seq.;

  (g) "Notice" or "notify" means written notice;

  (h) "Party" means a party to this action; and

  (i) "Protected document" means a document protected by a privilege or the attorney work-product doctrine, including any legislative plans or strategies.

  (j) "Proprietary" means something used, produced, held, or marketed under the exclusive right of the owner, including any legislative plans or strategies.

2. **Designating a Document or Deposition as Confidential.**

  (a) A Party or non-party disclosing or producing a Document may designate it as a Confidential Document if the party or non-party contends it contains Confidential or Proprietary information.

  (b) A Party or non-party may designate a Document as confidential by conspicuously marking the first page with the word "Confidential."

  (c) Deposition testimony may be designated as confidential:

    (1) on the record at the deposition; or

    (2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

 (d) If a witness is expected to testify as to any Confidential Document, Confidential information, or Proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive such documents or information.

3. **Who May Receive a Confidential Document.**

 (a) A Confidential Document or Confidential or Proprietary information may be used only in this action.

 (b) No person receiving a Confidential Document or Confidential or Proprietary information may reveal it, except to:

  (1) the Court and its staff;

  (2) an attorney or an attorney's partner, associate, or staff;

  (3) a person shown on the face of such document to have authored or received it;

  (4) a court reporter or videographer retained in connection with this action;

  (5) a deponent testifying in connection with this action;

  (6) a party (subject to paragraph 3(c)); and

  (7) any person who:

   (A) is retained to assist a party or attorney with this action; and

   (B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Knife Rights, Inc. et al, v. Ellison, et al., et al.*, Case No. Court File No. 24-cv-03749 (PJS/DTS), in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended,

but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.

(c) A party or non-party may supplement the "Confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a Confidential Document so designated may not be revealed to another party.

(d) If a Confidential Document or Proprietary document or information is revealed to someone not entitled to receive it, the Parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A Party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

5. **Correcting an Error in Designation.** A Party or non-party who discloses or produces a Confidential Document or Proprietary document of information not designated as confidential may, within 7 calendar days after discovering the error, provide notice and produce a copy of the document designated as Confidential.

6. **Use of a Confidential Document in Court.**

(a) *Filing.* This protective order does not authorize the filing of any document under seal. A Confidential Document may be filed only in accordance with LR 5.6. All counsel acknowledge they have reviewed L.R. 5.6 (which governs filing under seal), which procedures are incorporated by reference.

(b) *Presentation at a Hearing or Trial.* A party intending to present another party's or a non-party's confidential document at a hearing or trial must

4

promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a) *Document Disclosed or Produced by a Party*. A Confidential Document or Proprietary information disclosed or produced by a party remains confidential unless the parties agree to change its designation or the Court orders otherwise.

    (b) *Document Produced by a Non-party.* A Confidential Document Or Proprietary information produced by a non-party remains Confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

    (c) *Changing a Designation by Court Order.* A party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a Party. The Party or non-party who designated a document as Confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

    (a) Within 60 days after the termination of this action (including any appeals), each party must:

        (1) return or destroy all Confidential Documents; or Proprietary information; and

    (2) notify the disclosing or producing party that it has returned or destroyed all Confidential Documents or Proprietary information within the 60-day period.

 (b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any Confidential Document or Proprietary information submitted to the court.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

 (a) *Notice.*

    (1) A Party or non-party who discovers that it has inadvertently disclosed or produced any protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the Party or non-party provides such notice and description, the privilege or protection is not waived.

    (2) A party who discovers that it may have received any inadvertently disclosed or produced protected document must promptly notify the disclosing or producing Party or non-party.

 (b) *Handling of Protected Document.* A Party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions and Data Breaches.**

 (a) Each Party must make reasonable efforts to protect the confidentiality of any Confidential Document or Proprietary information disclosed or produced to that Party.

6

    (b)    A Party who learns of a breach of confidentiality must promptly notify the disclosing or producing Party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

    (c)    To the extent a court order is required under the MGDPA as a condition precedent to the production of non-public data that is otherwise discoverable under Fed. R. Civ. P. 26, this protective order shall constitute such a court order, and the Parties may rely on this protective order as a legal basis for producing such not public data.

11. **Survival of Obligations.** The obligations imposed by this protective order survive termination of this action.

DATED: November 19, 2025                    ___s/David T. Schultz_____
                                                           DAVID T. SCHULTZ
                                                           U.S. Magistrate Judge