UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KNIFE RIGHTS, INC.; CAMERON                   Case No. 24-CV-3749 (PJS/DTS)
SJODIN; DAVID DRAEGER; and
KEVIN CRYSTAL,

                    Plaintiffs,

KEITH ELLISON, in his official capacity              BRIEFING ORDER
as Attorney General of the State of
Minnesota; BRAD WISE, in his official
capacity as Sheriff of the Anoka County
Sheriff's Office; and BRAD JOHNSON,
in his official capacity as County Attorney
of the Anoka County Attorney's Office,

                    Defendants.

---

The Court has been informed that defendant Keith Ellison and plaintiffs intend to

bring cross-motions for summary judgment.  The motions have been scheduled for Friday,

April 24, 2026 at 8:30 am in Courtroom 15 (MPLS) before Judge Patrick J. Schiltz.  The

Court directs that the cross-motions be briefed as follows:

1.  **Defendant Keith Ellison's Principal Memorandum.**  On March 6, 2026,

defendant Keith Ellison must file a memorandum in support of defendant Keith Ellison's

motion for summary judgment.

2. **Plaintiffs' Principal and Response Memorandum.** By March 20, 2026, plaintiffs'

must file a memorandum in support of plaintiffs' motion for summary judgment and must,

in the same memorandum, respond to defendant Keith Ellison's memorandum in support

of defendant Keith Ellison's motion for summary judgment.

**3. Defendant Keith Ellison's Response and Reply Memorandum.** By April 3, 2026, defendant Keith Ellison must file a memorandum that responds to plaintiffs' memorandum in support of plaintiffs' motion for summary judgment and may, in the same memorandum, reply to plaintiffs' response to defendant Keith Ellison's motion for summary judgment.

**4. Plaintiffs' Reply Memorandum.** By April 17, 2026, plaintiffs may file a memorandum in reply to defendant Keith Ellison's response to plaintiffs' motion for summary judgment.

Plaintiffs' two memoranda together must not exceed 12,000 words. Defendant Keith Ellison's two memoranda together must not exceed 12,000 words. To the extent a party's summary judgment motion depends on the exclusion of expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the *Daubert* arguments must be made as part of that party's summary judgment motion and not in a separate *Daubert* motion. *Daubert* arguments that are not part of a party's summary judgment motion but instead seek to exclude testimony from being admitted in the event of a trial should be brought as pretrial motions in limine in accordance with the trial notice. Trial notices are issued after the Court resolves the parties' summary judgment motions. Except insofar as this order is to the contrary, all memoranda must comply with the Federal Rules

of Civil Procedure and Local Rules of the District of Minnesota.

     SO ORDERED.

Dated: December 31, 2025         /s/ Patrick J. Schiltz
                                     Patrick J. Schiltz, Chief Judge
                                     United States District Court